```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:10-cv-01894 WBS-KJM |
|---|---|---|
| Plaintiff, | ) | STIPULATION FOR STAY OF |
|  | ) | FURTHER PROCEEDINGS AND |
| v. | ) | ORDER [~~PROPOSED~~] |
|  | ) |  |
| REAL PROPERTY LOCATED AT 3110 MORGAN HILL ROAD, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 017-430-25, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) | DATE: N/A |
|  | ) | TIME: N/A |
|  | ) | COURTROOM: #5, 14th Floor |
| Defendant. | ) |  |

Plaintiff United States of America and claimant Jaime R. Serrano and Trueman E. Vroman ("Claimants") submit the following stipulation and request that the Court enter an order staying all further proceedings in this civil forfeiture action until the proceedings in the related criminal case, <u>People v. Jaime R. Serrano, et al</u>., now pending in Trinity County Superior Court, have concluded.  The parties request this stay for the following reasons:

    1.    The parties request this stay pursuant to 18 U.S.C.

§§ 981(g)(1) and 981(g)(2).  The United States contends that the defendant real property was used to facilitate the cultivation of marijuana.  During the execution of a state search warrant on April 14, 2010, law enforcement officers found approximately 2,203 marijuana plants being grown in a sophisticated indoor operation.  The details of the underlying criminal investigation are set forth in the Verified Complaint for Forfeiture In Rem (Complaint) filed on July 19, 2010.  Claimant Jaime R. Serrano, the owner of the defendant property, denies these allegations. Claimant Trueman E. Vroman, has an interest in the defendant property, and has already filed an Answer to the Complaint. Vroman loaned Serrano funds to construct the residence and is owed approximately $190,000, which is secured by a deed of trust recorded against the defendant property on October 26, 2007. Vroman, too, denies the allegation in the complaint based on his lack of knowledge of Serranos's activities, and claims he is an innocent owner within the meaning of 18 U.S.C. § 983(d)(2)(A). Based on the information currently available to plaintiff, plaintiff agrees that Vroman is an innocent owner.

    2.  The United States intends to depose claimant Serrano about the marijuana being grown on the defendant property; about who constructed the grow rooms found within the home; and about his involvement in drug trafficking.  If discovery proceeds, claimant Serrano would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect his alleged interest in the defendant property, or waiving his Fifth Amendment right and submitting to a deposition and potentially

incriminating himself in the pending criminal matter.  If claimant invokes his Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim he filed in this action.

3.   In addition, claimant Serrano intends to depose law enforcement officers who were involved in underlying drug-trafficking investigation, and the execution of the state search warrant at the claimant's residence.  Allowing depositions of these officers would adversely affect the ability of the federal government to properly prosecute the case.

4.   Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the related-criminal case and/or upon claimant's ability to prove his claims to the property and to contest the government's allegations that the property is forfeitable.

5.   For these reasons, the parties jointly request that this matter be stayed until the related criminal case now pending in state court has concluded.  Within 30 days after the conclusion of the related criminal case Serrano will file his Answer to the Complaint, and the parties will submit a joint status report addressing the matters set forth in the July 19, 2010, Order Requiring Joint Status Report.

6.   While this case is stayed, claimant Serrano agrees to keep current all payments due to Trueman E. Vroman under the promissory note dated October 26, 2007, in the original principal amount of $225,000.00, and secured by the deed of trust recorded in Trinity County, California, on October 26, 2007, encumbering the defendant property.

7. In the event claimant Serrano defaults in his obligations to Trueman E. Vroman, claimant Serrano agree to join any motion filed by Vroman and/or plaintiff for the interlocutory sale of the defendant property.  The term "default" shall mean any default under the note and deed of trust encumbering the defendant property and any other documents executed by claimant Serrano in connection therewith.  In the alternative, if at the time of default the fair market value of the defendant property is less than the amount owed to Vroman, the plaintiff may move to dismiss the pending forfeiture action to permit Vroman to exercise his rights under the note and deed of trust, including but not limited to foreclosure.  The decision whether to seek an interlocutory sale order, or to permit Vroman to foreclose, lies in the sole discretion of the United States.

Dated: December 17, 2010        BENJAMIN B. WAGNER
                                United States Attorney

                        By      /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney

Dated: December 17, 2010        /s/ Stephen Sweigart
                                STEPHEN SWEIGART
                                (As authorized on 12/17/10)
                                Attorney for claimant
                                Jaime R. Serrano

Dated: December 17, 2010        /s/ Trueman E. Vroman
                                TRUEMAN E. VROMAN
                                (As authorized on 12/14/10)
                                Claimant, appearing
                                in propria persona

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the

conclusion of the related criminal case now pending in Trinity County Superior Court.  Within 30 days after the criminal case has concluded claimants will file their Answer to the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u>, and the parties will submit a joint status report addressing the matters set forth in the July 19, 2010, Order Requiring Joint Status Report.

   IT IS SO ORDERED.  The **Scheduling Conference** now set for January 10, 2011 is continued to **July 25, 2011 at 2:00 p.m.**

Dated:   December 17, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE