BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-CV-01894-WBS-JFM |
| Plaintiff, | STIPULATION FOR EXPEDITED SETTLEMENT BETWEEN UNITED STATES AND LIEN HOLDER TRUEMAN E. VROMAN |
| v. | |
| REAL PROPERTY LOCATED AT 3110 MORGAN HILL ROAD, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 017-430-25, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the United States and claimant Trueman E. Vroman (hereafter "Claimant") appearing in *propria persona*, that Claimant has a valid pre-existing mortgage lien on the defendant real property described in this Stipulation, which is not contested by the United States.

The United States and Claimant further stipulate that:

1.   Any violation of 21 U.S.C. §§ 841 *et seq*. involving the defendant real property located at 3110 Morgan Hill Road, Hayfork, California, Trinity County, APN: 017-430-25, (hereafter "defendant real property") occurred without Claimant's knowledge

1 and consent.  The defendant real property is more fully described
2 as:
3     That real property in the County of Trinity, State of
      California, described as follows:
4
5     The West half of the Southeast quarter of the Northeast
      quarter of the Southwest quarter of Section 8, Township
      31 North, Range 11 West, M.D.B. & M., according to the
6     official plat thereof.
7     EXCEPTING THEREFROM all minerals and mineral materials
      as reserved in the Patent recorded May 26, 1971 in book
8     147 of Official Records page 250.
9     2.   The United States agrees that upon entry of a Final
10 Judgment of Forfeiture in favor of the United States, the U.S.
11 Marshals Service or its agent(s), shall undertake to sell the
12 defendant real property in a commercially reasonable manner and
13 to sell said property for fair market value (the "Purchase
14 Price").  The following costs and expenses of sale shall be
15 deducted from the Purchase Price and paid directly out of escrow
16 in the following order:
17          (a)  First, the costs incurred by the U.S. Marshals
18 Service to the date of close of escrow, including the cost of
19 posting, service, advertising, and maintenance;
20          (b)  Second, to the Trinity County Tax Collector for
21 all real property taxes assessed and unpaid against the defendant
22 real property prorated to the date of entry of the Final Judgment
23 of Forfeiture;
24          (c)  Third, the costs and expenses associated with the
25 sale of the defendant real property.
26          (d)  Fourth, any county transfer taxes.
27          (e)  Fifth, to Claimant as the lender on the deed of
28 trust encumbering the defendant real property, as follows:

    (i) all unpaid principal due to Claimant under the Optional Advance Note ("Note") dated October 24, 2007, in the original principal amount of $225,000.00, which is secured by a Deed of Trust With Assignment of Rents dated October 24, 2007, recorded October 26, 2007, as instrument number 200704318 ("Deed of Trust"), in the Official Records of Trinity County, California.  As of June 20, 2011, the principal amount owed to Claimant pursuant to the Note was $189,816.78.

    (ii) all unpaid interest due as of the date of the closing of the sale of the defendant real property at the contractual (not default) rate under the above-referenced Note and Deed of Trust until the date of payment.  Interest will continue to accrue at the current rate of 15% per annum ($79.09 per diem);

    (iii) all fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.  As of June 20, 2011, the total amount owed was $189,816.78 plus interest thereon at a rate of 15% per annum from May 26, 2011.

  3. The payment to Claimant shall be in full settlement and satisfaction of any and all claims by Claimant to the defendant real property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

  4. Upon payment in full as set forth above in ¶ 2(e)(i)-(iii), Claimant agrees to reconvey his interest in the defendant real property via recordable documents and cause those to be recorded, and to release and hold harmless the United States, and

any agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Claimant and their agents which currently exist or which may arise as a result of the government's action against the real property.

5.   In the event it is determined that the proceeds from the sale of the defendant real property would be insufficient to pay Claimant in full as set forth above in ¶ 2(e)(i)-(iii), after the disbursements described above are made in ¶ 2 (a)-(d), the United States agrees to release its interest in the defendant real property and consent to the exercise of Claimant's state law rights to foreclose upon its deed of trust which secures the obligation to Claimant.  The United States shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay Claimant in full as set forth above in ¶ 2(e)(i)-(iii), unless Claimant otherwise consents in writing.

6.   Claimant agrees not to pursue against the United States any other rights that he may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the U.S. Attorney's Office or this Court.

7.   Claimant agrees to notify the U.S. Attorney at the end of the first payment cycle in which a payment is not made under the terms specified in the Note.  However, should Claimant fail to immediately notify the U.S. Attorney of any late, skipped or missed payments, Claimant will not be in breach of the within Stipulation, nor shall Claimant face any consequences as the

result of such failure.  Claimant further agrees to join any government motions for interlocutory or stipulated sale of the defendant real property if the proceeds of such sale will be sufficient to pay Claimant in full as set forth in paragraph 2(e)(i)-(iii), and agrees to either join or not oppose, at his discretion, any motions to remove occupants from the property for nonpayment of mortgage or rent, destruction of property, or other just cause.

8.  Claimant understands and agrees that by entering into this Stipulation regarding his interest in the defendant real property, he waives any rights to further litigate against the United States concerning his interest in the defendant real property and to petition for remission or mitigation of the forfeiture.  Unless otherwise provided by this Stipulation or specifically directed by order of this Court, Claimant is hereby excused and relieved from further participation in this action.

9.  Claimant understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property.  In either event, the United States shall promptly notify the mortgagee or lien holder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

10.  The parties agree to execute further documents, to the

extent necessary, to convey clear title to the defendant real property to the United States and to further implement the terms of this Stipulation.

11. The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.

12. There are no other terms or conditions other than those specified within.

Dated: 6/24/11          BENJAMIN B. WAGNER
                        United States Attorney


                  By:   /s/ Kevin C. Khasigian
                        KEVIN C. KHASIGIAN
                        Assistant U.S. Attorney



Dated: June 22, 2011    By:   /s/ Trueman E. Vroman
                              TRUEMAN E. VROMAN
                              Claimant appearing in
                              *propria persona*
                              (Original signature retained by attorney)

**ORDER**

This Stipulation for Expedited Settlement is hereby APPROVED.

Dated: June 27, 2011

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE