1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN KHASIGIAN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2723

5  Attorneys for the United States

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )    2:10-CV-01894 WBS-JFM
                                    )
12          Plaintiff,              )    STIPULATION FOR STAY OF
                                    )    FURTHER PROCEEDINGS AND
13     v.                           )    ORDER [PROPOSED]
                                    )
14 REAL PROPERTY LOCATED AT 3110    )
   MORGAN HILL ROAD, HAYFORK,       )
15 CALIFORNIA, TRINITY COUNTY,      )
   APN: 017-430-25,INCLUDING ALL    )
16 APPURTENANCES AND IMPROVEMENTS   )    DATE: N/A
   THERETO,                         )    TIME: N/A
17                                  )    COURTROOM: #5, 14th Floor
            Defendant.              )
18 _____)

19

20      The United States and claimant Jaime R. Serrano submit the

21 following stipulation and request that the Court enter an order

22 staying all further proceedings in this civil forfeiture action

23 until the proceedings in the related criminal case, People v.

24 Jaime R. Serrano, et al., now pending in Trinity County Superior

25 Court, have concluded.  The parties request this stay for the

26 following reasons:

27      1.   The parties request this stay pursuant to 18 U.S.C.

28 §§ 981(g)(1) and 981(g)(2).  The United States contends that the

                         1           Stipulation for Stay of Further
                                     Proceedings and Order

1 defendant real property was used to facilitate the cultivation of

2 marijuana.  During the execution of a state search warrant on

3 April 14, 2010, law enforcement officers found approximately

4 2,203 marijuana plants being grown in a sophisticated indoor

5 operation.  The details of the underlying criminal investigation

6 are set forth in the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u>

7 (Complaint) filed on July 19, 2010.  Claimant Jaime R. Serrano,

8 the owner of the defendant property, denies these allegations.

9        2.    Trueman E. Vroman also has an interest in the defendant

10 property, and has filed a Claim and Answer to the Complaint.

11 Vroman loaned Serrano funds to construct the residence and is

12 owed approximately $190,000, which is secured by a deed of trust

13 recorded against the defendant property on October 26, 2007.[1]  On

14 June 28, 2011, this Court approved a Stipulation for Expedited

15 Settlement entered into by the United States and Vroman.  The

16 Stipulation provided that, upon entry of a Final Judgment of

17 Forfeiture in favor of the United States, the United States would

18 sell the defendant real property in a commercially reasonable

19 manner and for fair market value.  The Stipulation further

20 profiled the priority of payment to the involved

21 parties/entities, i.e., U.S. Marshals Service fees, property

22 taxes, broker costs, and Vroman's promissory note.  The

23 Stipulation also excused and relieved Vroman from further

24 participation in this action.

25

26        [1] Vroman denies the allegation in the complaint based on his
lack of knowledge of Serranos's activities, and claims he is an
27 innocent owner within the meaning of 18 U.S.C. §  983(d)(2)(A).
Based on the information currently available, the United States
28 agrees that Vroman is an innocent owner.

1        3.     The United States intends to depose claimant Serrano

2   about the marijuana being grown on the defendant property; about

3   who constructed the grow rooms found within the home; and about

4   his involvement in drug trafficking.  If discovery proceeds,

5   claimant Serrano would be placed in the difficult position of

6   either invoking his Fifth Amendment right against self-

7   incrimination and losing the ability to protect his alleged

8   interest in the defendant property, or waiving his Fifth

9   Amendment right and submitting to a deposition and potentially

10  incriminating himself in the pending criminal matter.   If

11  claimant invokes his Fifth Amendment right, the United States

12  will be deprived of the ability to explore the factual basis for

13  the claim he filed in this action.

14       4.     In addition, claimant Serrano intends to depose law

15  enforcement officers who were involved in underlying drug-

16  trafficking investigation, and the execution of the state search

17  warrant at the claimant's residence.  Allowing depositions of

18  these officers would adversely affect the ability of the federal

19  government to properly prosecute the case.

20       5.    Accordingly, the parties recognize that proceeding with

21  this action at this time has potential adverse affects on the

22  prosecution of the related-criminal case and/or upon claimant's

23  ability to prove his claims to the property and to contest the

24  government's allegations that the property is forfeitable.

25       6.     For these reasons, the parties jointly request that

26  this matter be stayed until the related criminal case now pending

27  in state court has concluded.  The parties presently understand

28  that the related criminal case against Serrano is set for trial

Stipulation for Stay of Further
                                       Proceedings and Order

1  in late August 2011.  Within 30 days after the conclusion of the

2  related criminal case Serrano will file his Answer to the

3  Complaint, and the parties will submit a joint status report

4  addressing the matters set forth in the July 19, 2010, Order

5  Requiring Joint Status Report.

6       7.    While this case is stayed, claimant Serrano agrees to

7  keep current all payments due to Trueman E. Vroman under the

8  promissory note dated October 26, 2007, in the original principal

9  amount of $225,000.00, and secured by the deed of trust recorded

10  in Trinity County, California, on October 26, 2007, encumbering

11  the defendant property.

12       8.    In the event claimant Serrano defaults on his

13  obligations to Trueman E. Vroman, claimant Serrano agrees to join

14  any motion filed by Vroman and/or the United States for the

15  interlocutory sale of the defendant property.  The term "default"

16  shall mean any default under the note and deed of trust

17  encumbering the defendant property and any other documents

18  executed by claimant Serrano in connection therewith.  In the

19  alternative, if at the time of default the fair market value of

20  the defendant property is less than the amount owed to Vroman,

21  the United States may move to dismiss the pending forfeiture

22  action to permit Vroman to exercise his rights under the note and

23  deed of trust, including but not limited to foreclosure.  The

24  decision whether to seek an interlocutory sale order, or to

25  ///

26  ///

27  ///

28  ///

Stipulation for Stay of Further
                                    Proceedings and Order

1  permit Vroman to foreclose, lies in the sole discretion of the

2  United States.

3

4  Dated: July 8, 2011                    BENJAMIN B. WAGNER
                                          United States Attorney
5
                                   By    /s/ Kevin Khasigian
6                                         KEVIN C. KHASIGIAN
                                          Assistant U.S. Attorney
7

8  Dated: July 8, 2011                    /s/ Stephen Sweigart
                                          STEPHEN SWEIGART
9                                         Attorney for claimant
                                          Jaime R. Serrano
10                                        (As authorized by email)

11

12                              **ORDER**

13  For the reasons set forth above, this matter is stayed pursuant

14  to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the conclusion of

15  the related criminal case now pending in Trinity County Superior

16  Court.  Within 30 days after the criminal case has concluded,

17  claimant Serrano will file his Answer to the Verified Complaint

18  for Forfeiture In Rem, and the parties will submit a joint status

19  report addressing the matters set forth in the July 19, 2010,

20  Order Requiring Joint Status Report.  The Scheduling Conference

21  is continued to November 28, 2011 at 2:00 p.m.  A joint status

22  report shall be filed no later November 14, 2011.

23       IT IS SO ORDERED.

24  Dated:  July 11, 2011

25

26                         WILLIAM B. SHUBB
                           UNITED STATES DISTRICT JUDGE
27

28

                              5              Stipulation for Stay of Further
                                             Proceedings and Order