BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-CV-01894-WBS-JFM |
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| REAL PROPERTY LOCATED AT 3110 MORGAN HILL ROAD, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 017-430-25,INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture and the

Stipulation for Expedited Settlement Between United States and Lien Holder

Trueman E. Vroman, the Court finds:

1.  This is a civil forfeiture action against certain real property located at

3110 Morgan Hill Road, Hayfork, California, Trinity County, APN: 017-430-25,

(hereafter  "defendant property"), legal description:

That real property in the County of Trinity, State of California,
described as follows:

The West half of the Southeast quarter of the Northeast quarter of the
Southwest quarter of Section 8, Township 31 North, Range 11 West,
M.D.B. & M., according to the official plat thereof.

EXCEPTING THEREFROM all minerals and mineral materials as reserved in the Patent recorded May 26, 1971 in book 147 of Official Records page 250.

2.  A Verified Complaint for Forfeiture *In Rem* ("complaint") was filed on July 19, 2010, alleging that said real property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3.  On July 28, 2010, the defendant property was posted with a copy of the complaint and notice of complaint.

4.  Beginning on July 29, 2010, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on September 9, 2010.

5.  In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

 a.  Jaime R. Serrano

 b.  Trueman E. Vroman

6.  Trueman E. Vroman filed a Claim of Mortgage and an Answer to the complaint on August 16, 2010.  Jaime R. Serrano filed a Claim on October 20, 2010, alleging that he is the legal owner of the defendant property.  A Stipulation for Expedited Settlement Between United States and Lien Holder Trueman E. Vroman was filed on June 28, 2011.

7.  No other parties have filed claims or answers in this matter and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.  The Court adopts the Stipulation for Final Judgment of Forfeiture filed herein and the Stipulation for Expedited Settlement Between United States and

Final Judgment of Forfeiture

Lien Holder Trueman E. Vroman filed June 28, 2011, entered into by and between the parties to this action.

2. Judgment is hereby entered against claimant Jaime R. Serrano and all other potential claimants who have not filed claims in this action.

3. All right, title and interest of Jaime R. Serrano in the defendant property shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

4. The U.S. Marshals Service (or a designee) shall list the defendant property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

5. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

6. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

7. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

(a)    The costs incurred by the U.S. Marshals Service to the date of close of escrow,  including the cost of posting, service, advertising, and maintenance.

(b)    Any unpaid real property taxes, which shall be prorated as of the date of the entry of this Final Judgment of Forfeiture.

(c)    The costs and expenses associated with the sale of the defendant property.

(d)    Any county transfer taxes.

Final Judgment of Forfeiture

(e)     To Claimant Trueman E. Vroman as the lender on the deed of trust encumbering the defendant property, as follows:

(i)  All unpaid principal due to Trueman E. Vroman under the Optional Advance Note ("Note") dated October 24, 2007, in the original principal amount of $225,000.00, which is secured by a Deed of Trust With Assignment of Rents dated October 24, 2007, recorded October 26, 2007, as instrument number 200704318 ("Deed of Trust"), in the Official Records of Trinity County, California. As of March 26, 2012, the principal amount owed to Claimant pursuant to the Note was $189,816.78.

(ii)  All unpaid interest due as of the date of the closing of the sale of the defendant property at the contractual (not default) rate under the above-referenced Note and Deed of Trust until the date of payment.  Interest will continue to accrue at the current rate of 15% per annum;

(iii)  All fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.  As of March 26, 2012, the total amount owed was $200,217.08 plus interest thereon at a rate of 15% per annum from March 26, 2012 until the date of payment.

8.  Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's *lis pendens* on July 21, 2010, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

9.  The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

10.  All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

11.  Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

12. In the event it is determined that the proceeds from the sale of the defendant property would be insufficient to pay Claimant Trueman E. Vroman in full as set forth above in ¶ 7(e)(i)-(iii), after the disbursements described above are made in ¶ 7 (a)-(d), the United States agrees to release its interest in the defendant property and consent to the exercise of Claimant Trueman E. Vroman's state law rights to foreclose upon its deed of trust which secures the obligation to Claimant Trueman E. Vroman. The United States shall not enter into a binding agreement to sell the defendant property unless the proceeds of such sale are sufficient to pay Claimant Trueman E. Vroman in full as set forth above in ¶ 7(e)(i)-(iii), unless Claimant Trueman E. Vroman otherwise consents in writing.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

14. Claimant Jaime R. Serrano represents that he has not given any person permission to reside on the defendant property, and he, as the sole owner of the residence, is the only person authorized to reside therein.

15. Claimant Jaime R. Serrano shall make arrangements for the removal of all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within 72 hours after the entry of this Final Judgment of Forfeiture will be disposed of by the United States without further notice.

16. Each party shall bear his or her own costs and attorneys fees, except as

Final Judgment of Forfeiture

provided for herein.

17. This Court shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS <u>29th</u> day of <u>March</u>, 2012.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Final Judgment of Forfeiture